JOSEPH C. DONALDSON, RESPONDENT, v. LUDLOW &
SQUIER, APPELLANT.

Submitted March 18, 1920—Decided June 1, 1920.

1. Where a servant is acting within the scope of his employment,
   and in so acting does something negligent or wrongful, causing
   injury to a third party, the employer is liable to the third party,
   even though the acts done may be the very reverse of that which
   the servant was actually instructed to do.
2. Where a person hires an automobile for use in his business, and
   puts it in the power of his servant to make an unauthorized use
   thereof, which resulted in the loss of the automobile, the employer
   is liable, not only for the servant's negligence in an action of
   tort, under the doctrine of *respondeat superior*, but is also liable
   in an action upon his contract of bailment.

On appeal from the Second District Court of Newark.

Before Justices SWAYZE and PARKER.

For the respondent, *Bernard V. McGovern.*

For the appellant, *W. Howard Demarest.*

The opinion of the court was delivered by

SWAYZE, J.   The defendant hired of plaintiff an automo-
bile for the use in his business, and put it in charge of his
driver or deliveryman.   The driver finished his deliveries at
five-thirty P. M., stopped at his house for supper, left at six-
thirty or six forty-five to go to the garage, passed the street on
which the garage was located, and went in a place to buy
tickets for himself for a fight, as he says, intending to return
to put the car in the garage afterward.   He left the automo-
bile in charge of a boy on one of the most frequented streets
in Newark, unlocked; was gone about ten minutes, during
which the automobile was stolen.   There was a controversy
as to whether a special contract was made that the defendant

would be absolutely liable for loss, including loss by theft. It was left to the jury to determine what the contract was. If the jury found that the contract was as testified to by the witness Smith, it was open to the court to hold that there was an absolute responsibility. Whether there was or not it was open to the jury to find that the driver was negligent in leaving the automobile in the street as he did; and this question was submitted to them by the trial judge. The principal controversy was whether under the circumstances the master was liable for the servant's negligence, in view of the servant's deviation from the direct road to the garage. The case resembles *Ferris* v. *McArdle,* 92 *N. J. L.* 580, but here there is nothing to show knowledge or assent on the part of the master, and we must decide it on the general principles governing the master's liability. We think it is controlled by what we said in *Driscoll* v. *Carlin,* 50 *Id.* 28, 30. We there quoted with approval the language of Kelly, C. B., in *Bayley* v. *M. S. & L. R. R. Co., L. R.,* 8 *C. P.* 148, declaring the principle to be that where a servant is acting within the scope of his employment, and in so acting does something negligent or wrongful, the employer is liable, even though the acts done may be the very reverse of that which the servant was actually directed to do. In the present case, the servant was in the employment of the master until he had finished his work for the day and returned the automobile to the garage. These considerations suffice to justify the result below. But, as in Driscoll *v.* Carlin, there is another phase of the case which compels the same result. The automobile was hired for the defendant's business, and neither the defendant nor the servant was authorized to use it in the servant's private affairs. The defendant could not escape responsibility for the servant's using it for a different purpose or for a longer time than was agreed by the parties. *Raynor* v. *Sheffler,* 79 *N. J. L.* 340. He not only put it in the power of the servant to make this unauthorized use which resulted in the loss of the automobile, and might be liable for the servant's negligence in an action of tort under the doctrine of *respondeat superior,* but he was liable in an action upon his

contract of bailment. For these reasons the first and second specifications of error fail. As to the third, as we understand the charge, what was left to the jury was what the terms of the contract were in fact, not what the proper construction of the language might be. The specifications that the verdict was contrary to the clear weight of the evidence, and that the damages are excessive, do not present legal errors—it is only such errors that we are authorized to review.

The specification that there are no facts upon which the verdict may be sustained is unfounded. The facts sustain the verdict.

Let the judgment be affirmed, with costs.